**Monir A. GEORGE, Appellant,**

**v.**

**NEW JERSEY BOARD OF VETERINARY MEDICAL EXAMINERS, Maurice W. McQuade, Secretary of the Board, and David Eisenberg, President of the Board.**

No. 85–5817.

United States Court of Appeals, Third Circuit.

Submitted Under Third Circuit Rule 12(6) June 5, 1986.

Decided June 27, 1986.

Rehearing and Rehearing In Banc Denied July 29, 1986.

Monir A. George, pro se.

W. Cary Edwards, Atty. Gen. of New Jersey, James J. Ciancia, Asst. Atty. Gen., Trenton, N.J., Maxine H. Neuhauser, Deputy Atty. Gen., Newark, N.J., for appellees.

Before ADAMS, HIGGINBOTHAM and MARIS, Circuit Judges.

## OPINION OF THE COURT

MARIS, Circuit Judge.

■ This is an appeal from the final order of the United States District Court for the District of New Jersey, 635 F.Supp. 953, dismissing the plaintiff's complaint. That complaint charged the defendants, the New Jersey Board of Veterinary Medical Examiners and the Board's secretary and president, with having violated Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C.A. § 2000e *et seq.,* in denying the plaintiff's application to be admitted to practice veterinary medicine in New Jersey. The plaintiff asserted that the denial was based on his national origin, Egypt. In a well-reasoned opinion, Judge Lacey of the district court held that the defendant Board was not an employer or employment agency within the meaning of section 701 of the Civil Rights Act, as amended,[1] with respect to applicants for admission to practice veterinary medicine in the State of New Jersey, such as the plaintiff, and was, therefore, not subject as to such persons to the prohibition of discriminatory employment practices imposed by section 703 of the Act.[2] F.Supp. (D.N.J.1985).

■ We are in accord with the views expressed by Judge Lacey and affirm for the reasons stated in his opinion and which it would serve no useful purpose to restate here. We need only add that *Haddock v. Board of Dental Examiners of Cal.,* 777 F.2d 462 (9th Cir.1985), involving the licensing of dentists by the State of California, and *Darks v. City of Cincinnati,* 745 F.2d 1040 (6th Cir.1984), involving the licensing of dance halls by the City of Cincinnati, are in accord with our view that Title VII of the Civil Rights Act of 1964, as amended, is not applicable to the licensing functions of a public agency exercised under the police powers of a state.

We do not regard *Sibley Memorial Hospital v. Wilson,* 488 F.2d 1338 (D.C.Cir. 1973), upon which the plaintiff relies, as authority to the contrary. That case involved a private hospital which at the request of its patients contacted unemployed private duty nurses for employment by those patients. This procedure, the court said, constituted the hospital an employer within the meaning of Title VII of the Civil Rights Act. In preventing the plaintiff, a male nurse, from reporting to female patients who had requested private nursing service, the hospital, the court held, had engaged in an unlawful employment practice, discrimination on the basis of sex, within the purview of section 703 of the Act. In the *Sibley Memorial Hospital* case the relationship of the hospital to the employment by its patients of private duty nurses secured for them by the hospital was very close, whereas in the present case there was nothing even remotely resembling an employer-employee relationship between the Board and the plaintiff. Moreover, the exercise of the police power was not involved in the *Sibley Memorial Hospital* case, whereas in the present case that power was being exercised by the de-

---

**1.** "(b) The term "employer" means a person engaged in an industry affecting commerce who has fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year, and any agent of such a person....

"(c) The term "employment agency" means any person regularly undertaking with or without compensation to procure employees for an employer or to procure for employees opportunities to work for an employer and includes an agent of such a person." 42 U.S.C.A. § 2000e.

**2.** "(a) It shall be an unlawful employment practice for an employer—

(1) to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions or privileges of employment, because of such individual's race, color, religion, sex or national origin ...

.    .    .    .    .

"(b) It shall be an unlawful employment practice for an employment agency to fail or refuse to refer for employment, or otherwise to discriminate against, any individual because of his race, color, religion, sex or national origin...." 42 U.S.C.A. § 2000e-2.

fendants to protect the public from unqualified veterinary service.

The order of the district court will be affirmed.